# EXHIBIT A

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION _____ COURT | |
| | ) SS: | | |
| COUNTY OF MARION | ) | CAUSE NO. | |

JEFFREY SCHWARTZ and )
CARI SCHWARTZ, Individually and )
as the Parents and Natural Guardians of )
JOSEPHINE SCHWARTZ, a Minor, )
                                                                               )
        Plaintiffs; )
                                                                               )
v. )
                                                                               )
ANTHEM INSURANCE COMPANIES, INC., )
D/B/A ANTHEM BLUE CROSS AND )
BLUE SHIELD, )
ACCREDO HEALTH GROUP, INC., )
EXPRESS SCRIPTS, INC., )
KROGER PRESCRIPTION PLANS, INC., and )
KROGER SPECIALTY PHARMACY, INC.; )
                                                                               )
        Defendants. )

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Come now the Plaintiffs, Jeffrey Schwartz and Cari Schwartz, Individually and as the Parents and Natural Guardians of Josephine Schwartz, by counsel, and for their cause of action against the above-named Defendants state:

1. The Plaintiffs, Jeffrey Schwartz ("Jeff") and Cari Schwartz ("Cari"), are residents of the State of Indiana.

2. Jeff and Cari are the parents of Josephine Schwartz ("Josephine"), a minor

3. Defendant Anthem Insurance Companies, Inc. ("Anthem") is an Indiana domestic insurance company with its headquarters in Indianapolis, Indiana.

4. Anthem owns and does business as Anthem Blue Cross Blue Shield.

5. Defendants Kroger Prescription Plans, Inc. ("KPP"), Kroger Specialty Pharmacy, Inc. ("KSP"), Accredo Health Group, Inc. ("Accredo"), and Express Scripts, Inc. ("Express Scripts") are foreign corporations authorized to do business in the State of Indiana.

6. Accredo is a subsidiary of Express Scripts and handles the specialty pharmacy aspects of Anthem's pharmacy network.

7. On February 14, 2017, Josephine was born to Jeff and Cari at 23 weeks gestation and weighing just 1.5 pounds.

8. As a micro-premature baby, Josephine defied all odds. By the time she was nine months old, Josephine had graduated from most of her specialty physicians, including neonatologists, pulmonologists, ophthalmologists, hematologists, gastroenterologists, and other specialists. Her doctors indicated she was on the verge of overcoming the health problems associated with being a micro-premature baby.

9. In August 2017, Josephine's doctors identified her as a candidate for Synagis, an antibody used to immunize children against respiratory syncytial virus (RSV). Synagis is a potentially life-saving medication given once per month during RSV season (November to April). It highly effective in preventing RSV if given as recommended.

10. Synagis requires prior authorization for use. "Prior authorization" is a health plan requirement that a prescription drug be authorized for payment by the health plan (insurer) before the prescription drug is provided to a particular covered individual. Ind. Code § 27-1-37.4-3. A health plan (insurer) shall accept and respond to a request for "prior authorization" delivered to the health plan (insurer) by a covered individual's: (1) prescribing health care provider; or (2) dispensing pharmacist…" Ind. Code § 27-1-37.4-4.

11. Without "prior authorization" from an insurer, a single monthly dose of Synagis costs more than $3,000.

12. Jeff is employed as a licensed pharmacist at KPP.

13. Jeff and Cari's primary health insurance coverage for Josephine is through KPP, and their secondary health insurance coverage for Josephine is through Anthem.

14. KPP generally uses KSP as its specialty pharmacy.

15. Anthem generally uses Accredo as its specialty pharmacy.

16. Express Scripts acts as an agent for Anthem in its role as a Pharmacy Benefit Manager (PBM).

17. In November 2017, Dr. John Wrasse ("Dr. Wrasse"), Josephine's pediatrician, prescribed Synagis to immunize her against RSV, a disease known to have devastating and possibly deadly consequences for premature babies compromised immune systems. At Dr. Wrasse's request, KPP and Anthem authorized Josephine's Synagis prescription to be filled at KSP.

18. On November 9, 2017, KSP filled Josephine's prescription for her first dose of Synagis.

19. On November 21, 2017, Dr. Wrasse administered Josephine's first monthly dose of Synagis.

20. On December 15, 2017, KSP filled Josephine's prescription for her second dose of Synagis.

21. On December 20, 2017, Dr. Wrasse administered Josephine's second monthly dose of Synagis.


22. On January 18, 2018, ahead of Josephine's third dose of Synagis, KSP called Jeff and Cari to inform them Anthem would not authorize KSP to dispense Josephine's third dose of Synagis.

23. Over the next several days, Jeff, Cari, and representatives of KSP made numerous phone calls to Anthem, Express Scripts, and/or Accredo. Each time, representatives of Anthem, Express Scripts, and Accredo assured Jeff, Cari, and KSP they would authorize KSP to dispense Josephine's third dose of Synagis. However, the prior authorizations were never provided.

24. Due to Anthem and Express Scripts' failure to authorize Josephine's third dose of Synagis, KSP made additional efforts to obtain prior authorization from Anthem and Express Scripts. Representatives from KSP explained that KPP, Anthem, and Express Scripts would not give prior authorization to dispense Josephine's third dose of Synagis.

25. On or about January 25, 2018, after several phone calls with the Defendants informing them of the necessity of Josephine receiving her third dose of Synagis, Anthem indicated it had finally provided authorization. However, when KSP attempted to fill the prescription, it continued to get the same rejection due to Anthem's failure to provide authorization.

26. On January 26, 2018, a KSP representative spoke to an Anthem representative and was informed that Josephine's third dose of Synagis was "locked out" to Accredo with no overrides for any other specialty pharmacy to fill the prescription.

27. From January 26, 2018 until the middle of February of 2018, KSP and Accredo continued to transfer the prescription request for Josephine's third dose of Synagis back and forth, with each telling the other it could not fill the prescription. During this time, the effective window for Josephine to take her third dose of Synagis passed.

28. Anthem claims that Dr. Wrasse's prescription for Josephine's third dose of Synagis was rejected because KSP failed to properly submit the secondary claims for Josephine's third dose of Synagis.

29. KSP denies Anthem's claim it failed to properly submit the secondary claims for Josephine's third dose of Synagis.

30. Anthem, Express Scripts, Accredo, KPP, and KSP are sophisticated health care entities acutely aware a delay in an insured receiving their medications can have life-threatening and debilitating effects on their insureds.

31. Anthem, Express Scripts, Accredo, KPP, and KSP failed to use reasonable care to authorize Josephine to receive her third dose of Synagis promptly to properly immunize her against RSV.

32. On February 21, 2018, Josephine presented to Dr. Wrasse's office with a fever, coughing, and wheezing. Dr. Wrasse indicated Josephine was not taking Synagis because Anthem would not approve KPP's specialty pharmacy, and Jeff and Cari could not afford Josephine's shots without insurance. He noted: "It is a shame that none of her insurance would cover [S]ynagis. Obviously the insurance companies are more worried about their shareholders than their patients."

33. On April 11, 2018, Jeff and Cari took Josephine to Dr. Wrasse's office due to respiratory distress. Josephine, as a result of not completing her Synagis immunization, tested positive for RSV and was immediately referred to IU North Hospital.

34. While hospitalized at IU North Hospital, Josephine went into full respiratory failure as the RSV attacked her lungs and caused secondary pneumonia.

35. Because of her RSV and secondary pneumonia, Josephine was placed on life support for 17 days and remained hospitalized until her discharge on May 1, 2018. Josephine was

placed in a medically-induced coma, required countless IV's, required surgery to place a central jugular line to administer medication, required mechanical ventilation and continuous positive airway pressure (CPAP) to assist in breathing, and required a feeding tube.

36. The medical expenses for Josephine's hospitalization and medical treatment for her RSV and secondary pneumonia from April 11, 2018 until May 1, 2018, are several hundred thousand dollars.

37. Following her discharge from Riley Children's Hospital, Josephine continues to require medical care and treatment due to the resulting damage to her lungs and respiratory system.

38. The Defendants, and each of them, owed the Plaintiffs a duty to use reasonable care in handling and fulfilling the prescription for Josephine's third dose of Synagis.

39. The Defendants were negligent and failed to use reasonable care in handling and fulfilling the prescription for Josephine's third dose of Synagis.

40. As a direct and proximate result of the Defendants' negligence in handling and failing to fulfill the prescription for Josephine's third dose of Synagis, Josephine developed RSV in April 2018, suffered a secondary pneumonia, required hospitalization and Indiana University Hospital and Riley Children's Hospital, suffered damage to her lungs and respiratory system, incurred medical expenses, suffered a reduction in her ability to function as a whole person, and suffered other compensable damages under Indiana law.

41. As a direct and proximate result of the Defendants' negligence in handling and failing to fulfill the prescription for Josephine's third dose of Synagis, Jeff and Cari suffered the negligent inflection of emotional distress in witnessing their young daughter's from effects RSV and the resulting hospitalization, have incurred medical expenses, have incurred unnecessary out-of-pocket charges, and other compensable damages under Indiana law.

42. The Defendants' actions constitute gross negligence and a reckless disregard of the consequences to the life or property of others that justifies the imposition of punitive damages in any amount sufficient to punish the Defendants and deter the Defendants and others from like conduct.

WHEREFORE, the Plaintiffs, Jeffrey Schwartz and Cari Schwartz, Individually and as the Parents and Natural Guardians of Josephine Schwartz, by counsel, respectfully request they be awarded damages in an amount sufficient to fully and fairly compensate them for the injuries and damages proven, for punitive damages, for costs, and for all other relief proper in the premises.

Respectfully submitted,

HOVDE DASSOW + DEETS, LLC

By: _____
Nicholas C. Deets, #17293-53
Tyler J. Zipes, #35081-49
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46260
Telephone: (317) 818-3100
Facsimile: (317) 818-3111
*Attorneys for Plaintiffs*

## PLAINTIFFS' REQUEST FOR TRIAL BY JURY

The Plaintiffs, Jeffrey Schwartz and Cari Schwartz, Individually and as the Parents and Natural Guardians of Josephine Schwartz, by counsel, respectfully request trial by jury.

Respectfully submitted,

HOVDE DASSOW + DEETS, LLC

By: _____
Nicholas C. Deets, #17293-53
Tyler J. Zipes, #35081-49
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46260
Telephone: (317) 818-3100
Facsimile: (317) 818-3111
*Attorneys for Plaintiff*

HOVDE DASSOW + DEETS, LLC
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46260
Telephone: (317) 818-3100
Facsimile: (317) 818-3111

8