UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY SCHWARTZ Individually and as the Parents and Natural Guardians of J.S., <br> CARI SCHWARTZ Individually and as the Parents and Natural Guardians of J.S., <br> J. S. a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, <br> ACCREDO HEALTH GROUP, INC, <br> EXPRESS SCRIPTS, INC, <br> KROGER PRESCRIPTION PLANS, INC, <br> KROGER SPECIALTY PHARMACY, INC, <br><br> Defendants. | No. 1:20-cv-00069-JPH-MPB |

**ORDER**

Defendant Anthem Insurance Companies, Inc. removed this case to federal court on January 8, 2020. Dkt. 1. On February 4, 2020, Plaintiffs moved to remand the case. Dkt. 28. On February 12, 2020, Anthem; Accredo Health Group, Inc.; and Express Scripts, Inc. moved to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. 31; dkt. 33. On March 3, 2020, Plaintiffs filed a motion for leave to file an amended complaint, dkt. 50, and an amended complaint, dkt. 51.

Because Plaintiffs amended their complaint within 21 days of service of Defendants' motions to dismiss, Plaintiffs could amend their complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' motion for leave to

1

file an amended complaint is therefore **DENIED** as unnecessary. Dkt. [50]. Plaintiffs' amended complaint, dkt. 51, is now the operative complaint and the original complaint is void, *see Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Defendants' motions to dismiss the original complaint are therefore **DENIED without prejudice as moot**. Dkt. [31]; dkt. [33]. Plaintiffs' motion to remand, dkt. [28]—which also involves the original complaint, *see* dkt. 28; dkt. 40; dkt. 41—is also **DENIED without prejudice as moot**. Dkt. [28].

Plaintiffs' amended complaint contains no jurisdictional allegations. *See* dkt. 51; Fed. R. Civ. P. 8(a). Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction, *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.,* 776 F.3d 463, 465 (7th Cir. 2015). Therefore, the Court **ORDERS** Plaintiffs to file a jurisdictional statement analyzing jurisdiction or a motion to remand based on the amended complaint **by April 9, 2020**. All Defendants **SHALL RESPOND** to the jurisdictional statement or motion to remand **by April 23, 2020**.

**SO ORDERED.**

Date: 3/13/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

Lawrence M. Benjamin
REED SMITH LLP (Chicago)
lbenjamin@reedsmith.com

James F. Bleeke
BLEEKE DILLON CRANDALL ATTORNEYS
jim@bleekedilloncrandall.com

John W. Borkowski
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com

Nicholas Calvin Deets
HOVDE DASSOW & DEETS LLC
ndeets@hovdelaw.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Manuel Herceg
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mherceg@taftlaw.com

Dan J. Hofmeister, Jr.
REED SMITH LLP
dhofmeister@reedsmith.com

Mary K. Mullen
HUSCH BLACKWELL, LLP
marykate.mullen@huschblackwell.com

Michael Patrick Nolan
HUSCH BLACKWELL, LLP
michael.nolan@huschblackwell.com

Tammara Danielle Porter
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
tporter@taftlaw.com