UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY SCHWARTZ and CARI SCHWARTZ, Individually and as the Parents and Natural Guardians of J.S., a Minor, | )<br>)<br>)<br>) |
| *Plaintiffs* | ) Cause No. 1:20-cv-69 RLM-MPB<br>)<br>) |
| v. | )<br>) |
| ANTHEM INSURANCE COMPANIES, INC., D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD, ACCREDO HEALTH GROUP, INC., EXPRESS SCRIPTS, INC., and KROGER SPECIALTY PHARMACY, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants* | ) |

ORDER

Jeffrey and Cari Schwartz, individually and as the parents and natural guardians of J.S., a minor, sued defendants Anthem Insurance Companies, Express Scripts (the specialty pharmacy of Anthem's pharmacy network), Accredo (a subsidiary of Express Scripts), Kroger Prescription Plans, and Kroger Specialty Pharmacy over events that led to J.S. not receiving a prescribed vaccine, and so contracting respiratory syncytial virus. For the following reasons, the court DENIES the Schwartzes' renewed motion to remand [Doc. No. 63].

J.S. was born on February 14, 2017, at 23 weeks gestation and weighing only 1.5 pounds. As an extremely preterm baby, J.S. needed several specialty physicians. In August 2017, J.S.'s doctors recommended that she be prescribed

Synagis, an antibody used to immunize children against respiratory syncytical virus because her premature birth had resulted in a compromised immune system. Respiratory syncytical virus season is from November to April, and Synagis is highly effective at preventing sickness if given once a month.

Jeff Schwartz is employed by Kroger Prescription Plans, Inc. ("Kroger Plans") and has primary health insurance for J.S. through them. Kroger Plans uses Kroger Specialty Pharmacy, Inc. ("Kroger Pharmacy") as its specialty pharmacy. The Schwartzes' health insurance through Kroger Plans doesn't start to cover medical expenses until the Schwartzes meet their annual deductible for the year, and the annual deductible restarts every January. Given J.S.'s needs as an extremely preterm baby, Mr. and Mrs. Schwartz acquired secondary health insurance for J.S. through Anthem to cover J.S.'s medical expenses at the beginning of the year before the Schwartzes met the annual deductible on the Kroger Plans policy. Anthem uses Express Scripts, Inc. as its pharmacy benefit manager, and Express Scripts uses Accredo Health Group, Inc. ("Accredo") as its specialty pharmacy.

In November and December 2017, J.S. received her first two doses of Synagis that were covered by the Kroger Plans policy and fulfilled by Kroger Pharmacy. Anthem also assured the Schwartzes that they would give prior authorization for J.S.'s third dose of Synagis in January to be filled at Kroger Pharmacy instead of Accredo, since the Anthem policy would be covering J.S.'s medical expenses at the beginning of the year. Just before J.S. was due for her third dose of Synagis in January, Kroger Pharmacy called Jeff and Cari to inform

them that Anthem wouldn't give Kroger Pharmacy prior authorization to dispense J.S.'s third dose. The effective window for J.S. to take her third dose of Synagis passed while Kroger Pharmacy and Accredo transferred J.S.'s prescription back and forth over the next few weeks while trying to get prior authorization from Kroger Plans and Anthem. J.S. ultimately ended up contracting respiratory syncytical virus and spent 20 days in the hospital, 17 of those on life support.

The Schwartzes filed their complaint in state court alleging that J.S. contracted respiratory syncytical virus because of the defendants' actions. The defendants removed to this court, alleging federal question jurisdiction. The Schwartzes responded with a motion to remand.

Before the court ruled on the motion to remand, the defendants moved to dismiss the Schwartzes's compliant, and the Schwartzes amended their complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). The Schwartzes filed a renewed motion to remand based on the allegations in their amended complaint; this renewed motion to remand is before the court today.

## I.     The allegations in the original complaint determine whether jurisdiction exists.

Before reaching the remand question, the court must decide whether remand is determined based on the allegations in the Schwartzes original or amended complaint. The Schwartzes argue that the allegations in the amended

complaint determine whether federal question jurisdiction exists. The defendants maintain that the original complaint controls.

Jurisdiction is determined based on the allegations in the complaint at the time of removal. "The defendant's right to remove a case from state to federal court depends on the complaint filed by the plaintiff in state court. If that complaint states a claim that is removable . . . removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable." Hammond v. Terminal R.R. Ass'n, 848 F.2d 95, 97 (7th Cir. 1988) (citations omitted); In re Burlington Northern Santa Fe Ry. Co., 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806-807 (7th Cir. 2010); Gossmeyer v. McDonald, 128 F.3d 481, 487-488 (7th Cir. 1997) ("[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed."). Allowing a plaintiff's post-removal amendments to affect jurisdiction would encourage forum manipulation. In re Burlington Northern Santa Fe Ry. Co., 606 F.3d at 381.

The Schwartzes claim that there is an apparent conflict in this circuit's caselaw as to whether the original or amended complaint controls jurisdiction, and they cite two main cases to support the proposition that jurisdiction is determined based on their amended complaint. Those cases, Wellness

Community-National v. Wellness House and Jass v. Prudential HealthCare Plan, Inc., don't reach this case.

First, in Wellness Community-National v. Wellness House, the plaintiff initially filed its complaint in federal court and later amended. 70 F.3d 46, 48-49 (7th Cir. 1990). On appeal, the court determined that the amended complaint superseded the original complaint and controlled jurisdiction, id., but the case didn't involve removal. The court of appeals acknowledged that "[t]he rule in removal cases is slightly different: after a defendant removes a case from state to federal court, a plaintiff can't defeat the federal court's jurisdiction by amending [to destroy federal jurisdiction]. Any other rule would effectively defeat the defendant's statutory right to remove . . . ." Id. at 50; *see also* B13, Inc. v. Hamor, 2011 WL 5023394, at *8 (N.D. Ill. Oct. 20, 2011) (explaining Wellness Community-National v. Wellness House). In Jass v. Prudential HealthCare Plan, Inc., the other case the Schwartzes cite, the district court remanded only after dismissing the claims in plaintiff's amended complaint that established federal question jurisdiction, and the court refused to exercise supplemental jurisdiction over the remaining claims. 88 F.3d 1492, 1486 (7th Cir. 1996). The issue in Jass v. Prudential HealthCare was whether ERISA completely preempted some of plaintiff's claims; Jass v. Prudential HealthCare doesn't stand for the proposition that a party can amend its complaint, thereby extinguishing federal jurisdiction, and be entitled to remand. 88 F.3d at 1495.

Accordingly, the Schwartzes' motion to remand will be decided based on the allegations in their original complaint.

## II.  The allegations in the original complaint warrant the exercise of federal jurisdiction.

The defendants argue that removal is proper because section 502(a) of the Employee Retirement Income Security Act of 1974 completely preempts the Schwartzes' claims and so establishes federal question jurisdiction. The Schwartzes argue that their claims are purely a matter of state law.

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "any civil action[,] brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [to a district court] . . . ." 28 U.S.C. § 1441(a). The well-pleaded complaint rule usually determines whether a defendant my remove based on federal question jurisdiction: a defendant may not remove a case "unless the plaintiff's complaint establishes that the case 'arises under' federal law . . . ." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). An exception to the well-pleaded complaint rule allows a defendant to remove regardless of the plaintiff's complaint if "a federal statute wholly displaces [a] state-law cause of action through complete pre-emption." Id. Complete preemption exist if the defendant can show that the state law claim "is in reality based on federal law." Id.

Section 502(a) of ERISA states that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights

to future benefits under the terms of the plan." 29 U.S.C. § 1132. Section 502(a) completely preempts "any state-law cause of action that duplicates, supplements, or supplants [it] . . . ." Aetna Health Inc. v. Davila, 542 U.S. at 209. A rule exists to determine whether a claim is completely preempted by Section 502(a): "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)." Id. at 210. The parties seem to agree that the Kroger policy is an ERISA-regulated plan.

The Schwartzes argue at length in their motion to remand that they aren't "bringing a suit complaining of a denial of coverage for medical care." Section 502(a) clearly would preempt their claims if they were. *See* 29 U.S.C. § 1132; Aetna Health Inc. v. Davila, 542 U.S. at 210. Instead, the Schwartzes argue, they claim the defendants "failed to use reasonable care in processing and filling J.S.'s preapproved prescription." Because the claim exists independently of the terms of an ERISA-regulated benefits plan, it is not completely preempted by Section 502(a).

The Schwartzes' argument doesn't square with a plain reading of the allegations contained in their original complaint. The original complaint alleges in a number of paragraphs that defendants failed to give prior authorization for J.S.'s third dose of Synagis. Compl. ¶¶ 22, 23, 24, 25, 26. Section 502(a) clearly preempts claims based on those allegations; they amount to claims of a denial

7

of coverage for medical care to which J.S. was entitled only because of the terms of an ERISA-regulated employee benefit plan. The defendants point out this discrepancy in their response, and the Schwartzes replied that they "do not address this issue at this time, as they intend to amend the Complaint to clarify their claims." As already discussed, the propriety of removal is determined based on the allegations in the complaint at the time of removal, and the Schwartzes can't avoid federal jurisdiction by amending out of their complaint claims that are completely preempted by Section 502(a). There is no reason for the court to consider whether Section 502(a) completely preempts the allegations in the Schwartzes' amended complaint.

For the foregoing reasons, the court DENIES the plaintiffs' renewed motion to remand [Doc. No. 63].

SO ORDERED.

ENTERED: January 15, 2021

/s/ Robert L. Miller, Jr.<br>Judge, United States District Court

Distribution to all electronically counsel of record